UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM McCRAY, ) | C/A No.:  4:15-1932-JMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| MICHAEL A. SCHWARTZ; NURSE WOODY, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, filed this action under  42 U.S.C. § 1983[1] on May 8, 2015, alleging a violation of his constitutional rights. On December 10, 2015, Defendant Woody and Defendant Schwartz filed motions for summary judgment. (Doc. #26 and #27). As the Plaintiff is proceeding *pro se*, the court issued an order on or about December 11, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately to Defendants' motions.  Plaintiff failed to file a response.[2]

## RULE 41(B) DISMISSAL

_____

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

[2] Counsel for Defendant Nurse Woody filed a letter with the court on December 30, 2015, stating that when she attempted to serve a copy of the motion for summary judgment on the Plaintiff at his last known address, the mail was returned with the notation that the Plaintiff is no longer at the address provided to the court. Counsel attached a copy of the returned envelope marked "return to sender (no longer at this facility)." (Doc. # 31-1).

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert</u>. <u>denied,</u> 493 U.S. 1084 (1990), and <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

  (1)    the degree of plaintiff's responsibility in failing to respond;

  (2)    the amount of prejudice to the defendant;

  (3)    the history of the plaintiff in proceeding in a dilatory manner; and,

  (4)    the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motions for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 25, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**